IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GEORGIA DEPARTMENT OF HUMAN SERVICES *ex rel.* AVA BUCKNER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 4:24-cv-96 (CDL) |
| | * | |
| MARTAVIOUS DEANDRE BUCKNER, | * | |
| | * | |
| Defendant. | * | |

O R D E R

This is a civil case in which Defendant Martavious Deandre Buckner attempts to remove an action for child support from Muscogee County Superior Court.  Presently pending before the Court is a motion to remand filed by Plaintiff Georgia Department of Human Services.  For the reasons that follow, the Court grants Plaintiff's motion to remand (ECF No. 4).

Plaintiff filed this action in the Superior Court of Muscogee County, Georgia on January 5, 2024.  Defendant was personally served with the summons and complaint on January 28, 2024.  On June 6, 2024, the Muscogee County Superior Court entered an "Order for Paternity and Child Support" against Defendant.  Notice of Removal Attach. 2, State Court Filings, ECF No. 1-2 at 26.  Defendant filed his notice of removal on June 26, 2024.  Plaintiff moves to remand on grounds that Defendant's removal was untimely

and that Defendant has failed to establish complete diversity for purposes of federal diversity jurisdiction. Plaintiff also argues that because the instant action is a child support case, it falls within the domestic relations exception to federal jurisdiction. Defendant did not file a response to Plaintiff's motion to remand.

An action can only be removed from state court to federal court if the action could have been brought in federal court in the first place—that is, this Court must have subject matter jurisdiction. 28 U.S.C. § 1441(a). Defendant asserts that this Court has subject matter jurisdiction based on both diversity and federal question jurisdiction. The Court addresses each argument in turn.

I. **Diversity Jurisdiction**

To remove a case to federal court based on diversity jurisdiction, Defendant has the burden of proving that the complete diversity and amount in controversy requirements of 28 U.S.C. § 1332 are met. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Complete diversity requires that no defendant be a citizen of the same state as any plaintiff. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed.

2

*Stillwell v. Allstate Ins.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam).

Defendant has failed to show complete diversity, and in any event, he failed to rebut Plaintiff's evidence that he is a citizen of the same state as Plaintiff. It is undisputed that Plaintiff is a citizen of Georgia. In his notice of removal, Defendant states that he is "not a citizen of the State of Georgia" and that he is an "American National" and that he "expressly objects to any statements" to the contrary. Notice of Removal ¶ 8, ECF No. 1. The Court finds that representation to be an insufficient showing of citizenship. Further, Defendant did not rebut Plaintiff's evidence indicating that Defendant is likely a citizen of Georgia. *See* Mot. to Remand Ex. B, Defendant's Birth Certificate, ECF No. 4-4 (indicating that Defendant was born in Columbus, Georgia); Mot. to Remand Ex. C, Georgia Department of Human Services Agent Affidavit ¶¶ e-f, ECF No. 4-5 (stating that Defendant's resident address is in Columbus, Georgia and that he married his wife, from whom he is now separated, in Muscogee County, Georgia in 2017); Mot. to Remand Ex. A. Affidavit of Service, ECF No. 4-3 (stating that Defendant was "individually/personally served" at his Columbus, Georgia address on January 30, 2024); Mot. to Remand Ex. D, Defendant's Passport Card (2022), ECF No. 4-6 (showing Defendant's place of birth as "Georgia, U.S.A."). Given that Defendant failed to demonstrate complete diversity and failed to

3

rebut Plaintiff's evidence that he, like Plaintiff, is a citizen of Georgia, the Court concludes that it lacks jurisdiction based on diversity.

## II. Federal Question

Defendant also claims that he may remove this action based on federal question jurisdiction. Specifically, he claims that the complaint raises federal questions under the Fifth Amendment of the United States Constitution; Article III, section 2 of the United States Constitution; the Universal Declaration of Human Rights; the federal Truth in Lending Act; and the federal Privacy Act. This Court disagrees. Plaintiff's complaint does not satisfy the well-pleaded complaint rule. "Under the 'well-pleaded complaint' rule, a defendant may not remove . . . a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law . . . ." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for So. Cal.*, 463 U.S. 1, 2 (1983). Plaintiff's complaint is titled "Complaint for Child Support." State Court Filings, ECF No. 1-2 at 2. The complaint only cites provisions of Georgia law. There is no indication based on the face of the complaint that this child support action presents federal questions that would be sufficient to invoke this Court's jurisdiction. The Court accordingly concludes that it lacks subject matter jurisdiction based on federal question jurisdiction. Plaintiff's motion to remand (ECF No. 4) is granted.

4

The Court declines to address the other grounds for remand asserted in Plaintiff's motion.

IT IS SO ORDERED, this 16th day of August, 2024.

                                            s/Clay D. Land
                                            CLAY D. LAND
                                            U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA